UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEF MICHAEL JENSEN, | No. 2:17-cv-1081 GEB AC P |
| Petitioner, | |
| v. | ORDER |
| RAYMOND MADDEN, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a lengthy petition (ECF No. 2) which, for the reasons identified below, appears to be untimely. Petitioner will be afforded an opportunity to show cause as to why this petition should not be recommended for dismissal with prejudice on the ground that it is untimely. Petitioner has also filed an application to proceed in forma pauperis, ECF No. 4, which will be granted.

**I.    Legal Standards**

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

1

## II. Background

The conviction underlying this petition occurred on August 1, 2006 in the Sacramento County Superior Court. ECF No. 2 at 9. Petitioner was convicted on that date of second degree murder for the killing of his prison cellmate. Id. He was also convicted of violating Cal. Penal Code §4500 because he was already serving a life sentence at the time he killed his cellmate. Id. The state court of appeal affirmed petitioner's convictions and they became final on September 11, 2008. Id. at 10.

Petitioner argues that, between 2008 and 2015, he exercised due diligence by attempting to find counsel willing to represent him in post-conviction proceedings. Id. His attempts were unsuccessful. Id. Petitioner also contends that, on or about January 26, 2015, he learned of the California Supreme Court's decision in People v. Chiu, 59 Cal. 4th 155, 166 (2014) and its possible application to his case. ECF No. 2 at 11. In Chiu, the California Supreme Court held that a conviction for first-degree premeditated murder could not be based on the natural and probable consequence theory. 59 Cal. 4th at 166. Petitioner states that, once he learned of the Chiu decision, he "diligently sought to consolidate case records connected to both of [his] convictions and prosecute various matters related to them." ECF No. 2 at 11.

Petitioner filed a habeas corpus petition with the California Supreme Court, which denied the petition on February 24, 2016 with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995). ECF No. 2 at 14, 305. A citation to Duvall generally signifies that a petitioner did not meet his burden to state fully and with particularity the facts upon which relief was sought. See 9 Cal. 4th at 474.

Then, petitioner filed a second habeas petition with the Sacramento County Superior Court. ECF No. 2 at 329. It is unclear precisely what date this petition was filed on, insofar as the "date" line of the attached exhibit is blank. Id. at 367. Regardless, this petition was denied by the superior court in a reasoned decision on May 24, 2016. Id. at 368-371. Petitioner states that he subsequently filed a "substantially similar" petition with the state court of appeal. Id. at 20. On June 28, 2016, the court of appeal denied that petition as untimely. Id. Petitioner submitted the same petition to the California Supreme Court on July 4, 2016, and that court denied it on

November 9, 2016 with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Clark, 5 Cal. 4th 750, 767-769 (1993). ECF No. 2 at 23, 440. A summary denial with citations to Clark and Robbins indicates that the petition was denied as untimely. See Walker v. Martin, 562 U.S. 307, 313 (2011). Finally, on December 20, 2016, petitioner filed a petition for writ of certiorari with the United States Supreme Court. ECF No. 2 at 24. The United States Supreme Court denied his petition on February 27, 2017. Id. at 24, 442.

### III. Analysis

It is apparent from the face of the petition that it is untimely. A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. See 28 U.S.C. § 2244(d). Here, petitioner acknowledges that his convictions became final more than eight years ago on September 11, 2008. ECF No. 2 at 10. This petition was not filed until May 24, 2017.

Petitioner argues that he exercised due diligence in the interim by searching for counsel to represent him in habeas proceedings, but this does not toll the limitations period because petitioner is not entitled to counsel in a habeas corpus action. See Knaubert v. Goldsmith, 791 F.2d 722, 728-29 (9th Cir. 1986). Nor is the court persuaded that the California Supreme Court's decision in Chiu, which petitioner claims to have learned of in 2015, supports a later trigger date for the limitations period. As noted above, a later accrual date may be found where the United States Supreme Court recognizes a new, retroactive constitutional right. See 28 U.S.C. § 2244(d)(1)(C). This later accrual date does not apply to state supreme court decisions analyzing state law. See Escalante v. Beard, 2016 U.S. Dist. LEXIS 123440, 2016 WL 4742322, at *4 (S.D. Cal. June 2, 2016) ("To the extent [petitioner] [relies on] People v. Chiu to suggest it . . . entitle[s] him to a later start date . . . such a position would be unavailing. Chiu was a state supreme court decision that analyzed California state law, and the alternate start date under []

3

AEDPA only applies to rights [] recognized by the United States Supreme Court . . . .").

Petitioner also appears to separately argue that his petition is timely because some of his claims attack the validity of state habeas procedure. ECF No. 2 at 24. He argues that the "lack of pre-filing fact development procedures for indigent pro-per prisoners in California" violates his constitutional rights. Id. at 37. He also claims that his inability to hire an effective attorney to represent him violates the equal protection clause because other, wealthier petitioners can avail themselves of this option. Id. at 37-38. These procedural claims are not cognizable in a federal habeas petition because they would not, even if successful, necessarily imply the invalidity of his convictions. Section § 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that *he is in custody in violation of Constitution or laws* and treaties of the United States." (emphasis added); see also Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004) (quoting Franzen v. Brinkman, 877 F.2d 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."). Even if petitioner could show that the constitution entitles him to certain pre-filing factual development procedures or an effective attorney to represent him in habeas proceedings – propositions that are not supported by existing Ninth Circuit and Supreme Court precedent – he would not simultaneously succeed in demonstrating that his convictions were actually unlawful.

The court will afford petitioner an opportunity to show cause as to why his petition is timely before it recommends dismissal with prejudice.

**IV. Conclusion**

It is HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 4) is granted; and

2. Petitioner has thirty days from the date of this order's entry to show cause, in writing, why his petition should not be dismissed as untimely.

DATED: June 15, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4