UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEF MICHAEL JENSEN, | No. 2:17-cv-1081 GEB AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RAYMOND MADDEN, | |
| Respondent. | |

Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 24, 2017, he filed a habeas petition (ECF No. 2) which this court identified as untimely. ECF No. 8. Rather than recommend immediate dismissal of the petition, the court invited petitioner to show cause as to why his petition was not time-barred under the one year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id. Petitioner filed an initial response on June 30, 2017. ECF No. 9. Then, on July 10, 2017, he filed an amended response (ECF No. 10) and a motion to strike (ECF No. 11) his initial response. For the reasons stated hereafter, the court will grant petitioner's motion to strike and recommend that his petition be dismissed as untimely.

I.  Motion to Strike

Petitioner argues that his original pleading should be stricken because it was written without the benefit of his legal papers and failed to consider the question of equitable tolling.

1

ECF No. 11 at 2. The court will grant this motion, strike the original response, and look exclusively to the amended response in weighing whether to dismiss this petition.

II.     Legal Standards

The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

III.    Background

The conviction underlying this petition occurred on August 1, 2006 in the Sacramento County Superior Court. ECF No. 2 at 9. Petitioner was convicted on that date of second degree murder for the killing of his prison cellmate. Id. He was also convicted of violating Cal. Penal Code §4500 because he was already serving a life sentence at the time he killed his cellmate. Id.

Petitioner appealed his conviction, arguing that: (1) the jury instructions given failed to inform jurors they could consider his voluntary intoxication in deciding whether he acted with express malice aforethought; (2) the foregoing instructional error demanded reversal of his conviction for malicious aggravated assault by a life prisoner because an element of that crime is "malice aforethought"; and (3) the trial court erred by failing to instruct the jury on assault by means of force likely to produce great bodily injury – a lesser included offense. People v. Jensen, 2008 Cal. App. Unpub. LEXIS 5297, 2008 WL 2569257, at *1-3 (Cal. App. 3 Dist., 2008) (unpublished).[1] The court of appeal denied these claims on June 30, 2008 (id.) and petitioner did not petition the California Supreme Court for review.

A federal habeas petition must be filed within one year of (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if

---

[1] Courts may take judicial notice of court records in another case. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

2

the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Here, petitioner's conviction became final when his time for seeking review with the state's highest court expired.  See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).  In this case, that date was August 11, 2008[2] - forty days after the court of appeal's decision was filed.  See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").  The one year statute of limitations began running the following day on August 12, 2008.  See Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (under Federal Rule of Civil Procedure 6(a), the ADEPA statute of limitations excludes "the day of the act, event, or default from which the designated period of time begins to run").  Absent tolling, petitioner had until August 12, 2009 to file his federal habeas petition.[3]

   IV.   Analysis

This petition was not filed until May 24, 2017.  In his amended response, petitioner argues that he is entitled to equitable tolling from December 2009 until May 2015 because the inadequacy of California's habeas procedures violates his federal due process rights.  ECF No. 10 at 16-19.  Specifically, petitioner takes issue with California's "lack of pre-filing fact development procedures" and argues that the absence of these procedures prevents a pro se litigant from articulating factually sufficient habeas claims.  Id. at 17.  Recognizing this inadequacy, petitioner claims that he endeavored for years – ultimately without success – to find counsel who would represent him in his collateral review proceedings.  Id. at 19-20.  He characterizes California's habeas system as a "Catch-22" which requires pro se litigants to

---

[2] In its show cause order, this court accepted, for screening purposes, what it perceived to be petitioner's contention that his conviction became final on September 11, 2008.  ECF No. 8 at 2.

[3] The court notes that petitioner argues that he had, without the benefit of tolling, until December 11, 2009 to file his federal petition.  ECF No. 2 at 3.  The court does not agree with petitioner's calculation.  Nevertheless, for the reasons that follow, petitioner's claim would be untimely even if December 11, 2009 were the relevant deadline.

undertake one of two bad options – raise factually insufficient claims that are quickly dismissed or engage in a difficult, often fruitless search for counsel willing to represent them, thereby risking the timeliness of their claims. Id. Petitioner argues that the aforementioned inadequacies effectively amount to a suspension of the writ of habeas corpus for pro se litigants in California courts. Id. at 20.

Equitable tolling under AEDPA is available if a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). The Ninth Circuit has emphasized that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)). Petitioner has not met that threshold here. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). And because there is no right to legal assistance in seeking post-conviction relief, the lack thereof cannot form the basis for equitable tolling. See Lawrence v. Florida, 549 U.S. 327, 336-337 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context *where prisoners have no constitutional right to counsel*.") (emphasis added). The Supreme Court has held that:

> Postconviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide this avenue of relief . . . .

Pennsylvania v. Finley, 481 U.S. 551, 556-557 (1987). Thus, the court cannot conclude that the state's failure to offer petitioner pre-filing factual development opportunities either violates his federal due process rights or amounts to the sort of extraordinary circumstance which would entitles him to equitable tolling. Finally, as a practical concern, the court notes that acceptance of petitioner's argument in this case would effectively suspend AEDPA's statute of limitations for prisoners in California. Any pro se petitioner who was disinclined to submit to the one year

4

AEDPA deadline could simply argue that California post-conviction procedure was itself an "extraordinary circumstance" standing in the way of submitting a timely petition. This would be the rule swallowing exception the Ninth Circuit cautioned against.

The court recognizes that petitioner also argues that the factual predicate for one of his ineffective assistance of counsel claims could not have been recognized until July 4, 2016 – the date on which petitioner received certain documents pertaining to a previous conviction in Riverside County. ECF No. 10 at 2. More specifically, petitioner argues that he located evidence indicating that a key prosecution witness in his Riverside County case – Terence Bledsoe – committed perjury. Id. at 12; ECF No. 1 at 63-72. As a result, he contends that his trial counsel should have argued his prior conviction was unconstitutional and moved to prevent its admission into evidence. ECF No. 10 at 12. The only document in the record that appears to be relevant to this claim, however, is a 2001 state court of appeal opinion which, with the exception of striking petitioner's parole revocation fine, affirmed his conviction. ECF No. 2 at 373-420. Nothing in the record indicates that his trial counsel had, or through reasonable diligence could have had, access to evidence which conclusively demonstrated that Bledsoe perjured himself.

Additionally, the petition in this case indicates that petitioner had known of Bledsoe's alleged perjury since his testimony at trial. Petitioner argues that Bledsoe's trial testimony was both internally inconsistent and inconsistent with prior statements he made to law enforcement. Id. at 68-69. Petitioner also contends that a criminalist who testified at trial deemed Bledsoe's account "incredible." Id. at 69. He states that the prosecutor in his prior case knew that Bledsoe was lying but failed to correct him. Id. at 69-72. At one point, petitioner states:

> Given the overwhelming amount of inconsistencies between his statements to investigators, his testimony and the physical evidence in the case it is likely Terence perjured himself intentionally to mislead the jury and aid the prosecution in securing its conviction against me for his own benefit; a three year prison term.

ECF No. 2 at 72. A factual predicate is known "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)); see also Johnson v. McBride, 381 F.3d 587, 589 ("A desire to see more

information in the hope that something will turn up differs from 'the factual predicate of [a] claim or claims' for purposes of § 2244(d)(1)(D).").  Here, petitioner plainly states that he knew – based on events at trial – that Bledsoe had perjured himself.  Accordingly, there is no basis by which to conclude that he only learned of the factual predicate of this claim in 2016.

Finally, the court notes that petitioner has not demonstrated that his case falls "within the narrow class of cases . . . implicating a fundamental miscarriage of justice."  Lee v. Lampert, 653 F.3d 929, 937 (9th Cir. 2011) (internal quotation marks omitted).  As such, he does not qualify for the actual innocence exception to AEDPA's statute of limitations.

V.   Conclusion

It is HEREBY ORDERED that:

1.   Petitioner's motion to strike (ECF No. 11) is granted; and

2.   The Clerk of Court shall strike petitioner's response (ECF No. 9) from the docket.

Further, based on the foregoing analysis, it is RECOMMENDED that the petition (ECF No. 2) be dismissed as untimely.

DATED:

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: July 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE